UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN T. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00319-SEB-KMB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS**

The United States has moved to dismiss Petitioner John T. Martin's motion for relief under 28 U.S.C. § 2255. Dkt. 5. For the reasons below, that motion is **GRANTED**.

**I. Background**

On August 29, 2018, the Court entered judgment against Mr. Martin for possessing a firearm as a convicted felon after accepting his guilty plea. *United States v. Martin*, No. 1:18-cr-00018-SEB-MJD-1, dkt. 31 (hereinafter "Crim. Dkt. 1:18-78"). Mr. Martin's supervised release was revoked in 2020 after he violated the terms of his supervision by, among other things, possessing another gun. Crim. Dkt. 1:18-78 at dkts. 39, 43, 49, 50.

In early 2021, Mr. Martin was indicted on the new gun charge. *United States v. Martin*, No. 1:21-cr-00033-SEB-TAB-1, dkt. 1 (hereinafter "Crim. Dkt. 1:21-33").[1] Mr. Martin again pleaded guilty and was sentenced on October 6, 2021. Crim. Dkt. 1:21-33 at dkt. 36. Judgment was entered on October 12, 2021. *Id.*

---

[1] The United States includes the relevant dates as it relates to this case, and the Court does so as well for the sake of completeness. However, Mr. Martin's 2255 motion explicitly challenged his conviction and sentence in Cause No. 1:18-cr-78. Dkt. 1.

1

Mr. Martin did not appeal either judgment. Thus, Mr. Martin's 2018 sentence became final on September 12, 2018. His 2021 sentence became final on October 26, 2021. *See United States v. Clay*, 537 U.S. 522, 524-25 (2003); Fed. R. App. P. 4(b) (providing 14 days to file notice of appeal).

On February 14, 2024, Mr. Martin mailed a motion to vacate, set aside, or correct sentence under § 2255, which was received and docketed by this Court on February 20, 2024. Dkt. 1. In the motion, Mr. Martin contends that § 922(g)(1) "is no longer a crime." *Id.* at 6. He references "House Bill 821," but that bill concerns the use of social media platforms for children under the age of 16—it has nothing to do with § 922 or firearms. *See* Social Media Child Protection Act, H.R. 821, 118th Cong. (1st Sess. 2023). Although he does not cite to *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the United States understood that Mr. Martin intended to cite to that case. *See* dkt. 1 at 5, 6, 13.

On June 17, 2024, the United States filed a motion to dismiss Mr. Martin's motion as untimely. Dkt. 5. Mr. Martin did not respond. According to the United States' motion, Mr. Martin has been released from prison. Dkt. 6 at 2.

## II. Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The limitations period is triggered by the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), the limitation period begins to run on "the date on which the judgment of conviction [became] final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). A defendant has 14 days after entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1).

Mr. Martin's sentences became final on September 12, 2018, and October 26, 2021. Thus, under subsection (f)(1) he had until September 12, 2019, to file a timely § 2255 motion in case number 1:18-cr-078, and until October 26, 2022, to file a timely § 2255 motion in case number 1:21-cr-033. He did not place his § 2255 motion in the prison institution's mail until February 14, 2024. Dkt. 1. That is four years and 5 months late in case number 1:18-cr-078, and one year and three months late in case number 1:21-cr-033.

Further, assuming that Mr. Martin was challenging his conviction due to the Supreme Court's ruling in *Bruen*, he would have needed to file his 2255 motion within a year after *Bruen* was issued on June 23, 2022. Having filed it after June 23, 2023, Mr. Martin's motion was untimely under 28 U.S.C. § 2255(f)(3).

Equitable tolling may apply if a petitioner was diligent in pursuing his claims and was impeded from filing a timely § 2255 motion. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But Mr. Martin makes no argument that he is entitle to equitable tolling, and the Court discerns none.

For these reasons, the Court concludes that equitable tolling cannot excuse the belated filing of Mr. Martin's § 2255 motion, and that the motion to dismiss must be **granted**.

### III. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Martin has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). *See also Peterson v. Douma*, 751 F.3d 524, 530-31 (7th Cir. 2014) (certificate of appealability when case is dismissed on procedural grounds requires showing that reasonable jurist would find district court's procedural ruling was incorrect); *United States v. Henry*, No. 21-1285, 2021 WL 3669374 (3d. Cir. June 3, 2021) ("For substantially the reasons given by the District Court, jurists of reason would not find it debatable that appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was untimely filed, and that equitable tolling was unwarranted.") (cleaned up). The Court therefore **denies** a certificate of appealability.

### IV. Conclusion

Mr. Martin is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. The United States' unopposed motion to dismiss, dkt. [5], is **GRANTED**, and this action is **dismissed with prejudice**. The **clerk is directed** to enter final judgment, to docket a copy of this order in the criminal case, No. 1:18-cr-00078-SEB-MJD-1, and to terminate the pending § 2255 motion in the criminal case, dkt. [54]. A certificate of appealability is **denied**.

**The clerk is directed** to update Mr. Martin's address on the docket consistent with the distribution below.

**IT IS SO ORDERED.**

Date: 2/27/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN T. MARTIN
842 McFarland Road
Indianapolis, IN 46227

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov